CIT.14661

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JERMAINE JACKSON,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.  3:22-cv-2** |
| | § | **JURY DEMAND** |
| **ABRAHAM SOLOMON ARAYA and** | § | |
| **SNA TRUCKING, LLC** | § | |
| | § | |
| *Defendants.* | | |

## DEFENDANTS ABRAHAM SOLOMON ARAYA AND SNA TRUCKING, LLC'S
## <u>NOTICE OF REMOVAL</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendants Abraham Solomon Araya and SNA Trucking, LLC in the
above entitled and numbered cause, and file this Notice of Removal of the above-captioned case.
Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and is authorized by 28 U.S.C. §§
1441 and 1446.

### I.    BACKGROUND

1. On September 1, 2021, Plaintiff Jermaine Jackson filed his Original Petition in the 14th
   Judicial District Court, Dallas County; Cause No. DC-21-12138 against Defendant
   Abraham Solomon Araya.  On October 1, 2021, Plaintiff Jermaine Jackson filed his First
   Amended Petition in the 14th Judicial District Court, Dallas County; Cause No. DC-21-
   12138 adding SNA Trucking, LLC as an additional Defendant alleging negligence against
   both parties.

2. Plaintiff Jermaine Jackson is a citizen of the State of Texas.

**DEFENDANTS' NOTICE OF REMOVAL**                                                    **Page 1**

3.  Defendant Abraham Solomon Araya is a citizen of the State of North Carolina.

4.  Defendant SNA Trucking, LLC is a foreign limited liability company doing business in the State of Texas with its principal office and place of business located in the State of North Carolina.

5.  Plaintiff's Original Petition and First Amended Petition, filed contemporaneously herewith, states that the amount of damages sought is more than $1,000,000.

## II.    BASIS FOR REMOVAL

6.  Removal is proper under 28 U.S.C. § 1332(a) because Plaintiff's suit is a civil action in which this Court has original jurisdiction over the parties, based upon diversity jurisdiction under 28 U.S.C. § 1332. This action is removable to this Court pursuant to the provisions of 28 U.S.C. § 1441(b) because Plaintiff is a citizen of the State of Texas, Defendant Abraham Solomon Araya is a citizen of the State of North Carolina and Defendant SNA Trucking, LLC is organized in the State of North Carolina and doing business in the State of Texas. Additionally, the amount in controversy exceeds $75,000.

**A.  Complete Diversity Exists.**

7.   For diversity purposes, a person is considered a citizen of the state where that person is domiciled. Plaintiff is a person and domiciled in the State of Texas. Defendant SNA Trucking, LLC is not domiciled in the State of Texas, but rather formed in North Carolina, doing business in the State of Texas.  Defendant Abraham Solomon Araya is a citizen and resident of the State of North Carolina.

8.  Because the Plaintiff, Defendants Abraham Solomon Araya and SNA Trucking, LLC, do not share in citizenship in any state, removal is proper on diversity grounds.

9. All Defendants are now, and were at the time of the removed action was commenced, diverse in citizenship from the Plaintiff. 28 U.S.C. § 1332.

10. All Defendants consent to this Removal.

**B. The Amount in Controversy Exceeds $75,000.**

11. As previously stated, Plaintiff filed his Original Petition on September 1, 2021 and First Amended Petition on October 1, 2021. Plaintiff identified the amount in controversy to be over $1,000,000.

12. Accordingly, Plaintiff seeks damages beyond the threshold amount of $75,000, establishing an amount in controversy over $1,000,000.

13. Accordingly, because this notice of removal has been filed within the time available after Plaintiff provided his Original and First Amended Petition, providing his claim for relief, this removal is proper and timely under 28 U.S.C. § 1446(b)(3).

14. The United States District Court for the Northern District of Texas, Dallas Divison, embraces Dallas County, Texas, the place where the state court action was filed and is pending.

15. The live pleadings before the state court are Plaintiff's Original Petition, Plaintiff's First Amended Petition, Defendant Abraham Solomon Araya's Original Answer and Defendant SNA Trucking, LLC's Original Answer. No other motions are pending before the state court.

16. All pleadings, process, orders served upon Defendants in the state court action are attached to this Notice as Exhibit "A," as required by 28 U.S.C. § 1446(a).

17. Defendants Abraham Solomon Araya and SNA Trucking, LLC hereby demand a trial by jury in accordance with the provisions of FED. R. CIV. P. 38.

**WHEREFORE, PREMISES CONSIDERED**, Defendants Abraham Solomon Araya and SNA Trucking, LLC, as parties diverse with the Plaintiff, respectfully request that this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Northern District of Texas, Dallas Division, and for such other and further relief to which they may show themselves to be justly entitled in equity or law.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

/s/ *Daniel M. Karp*

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas  75240
(972) 934-9100
(972) 934-9200 [FAX]

**ATTORNEYS FOR DEFENDANTS
ABRAHAM SOLOMON ARAYA AND
SNA TRUCKING, LLC**

## CERTIFICATE OF SERVICE

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on this the 3rd day of January, 2022, a true and correct copy the foregoing instrument was served on the following counsel of record authorized by Federal Rule of Civil Procedure 5(b)(2):

***Via ECF***

MICHAEL STREICH
State Bar No. 24079408
CHARLES M. STAM
State Bar No. 24106462
Zehl & Associates, PC
2700 Post Oak Blvd., Suite 1000
Houston, TX 77056
713-491-6064
713-583-8545 (Fax)
mstreich@zehllaw.com
cstam@zehllaw.com
**COUNSEL FOR PLAINTIFF**

/s/ *Daniel M. Karp*
**DANIEL M. KARP**

FILED
9/1/2021 10:58 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

DC-21-12138

CAUSE NO. _____

| | | |
|---|---|---|
| JERMAINE JACKSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ABRAHAM SOLOMON ARAYA | § | 14th |
| | § | |
| *Defendants*. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Jermaine Jackson files this Original Petition complaining of the acts or omissions of Defendant Abraham Solomon Araya, and respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES & SERVICE

2.      Plaintiff Jermaine Jackson is an individual residing in Texas. He may be contacted through his counsel of record, ZEHL & ASSOCIATES, P.C.

3.      Defendant Abraham Solomon Araya may be served at 4780 Old Lantern Way, Charlotte, North Carolina 28212, or wherever else he may be found. Plaintiff requests a citation.

### III.
### MISNOMER/ALTER EGO

4.      If any parties are misnamed or not included here, Plaintiff contends that such an omission is a "misidentification," "misnomer," or an "alter ego" of the parties named here.

### IV.
### JURISDICTION & VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this Court.

## Exhibit "A"

6.      This Court has personal jurisdiction over Defendant because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas.

7.      Venue is proper and maintainable in Dallas County, Texas, under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is where all or a substantial part of the events or omissions giving rise to the claim occurred.

**V.**
**FACTS**

8.      On August 19, 2021, at around 12:35 p.m., Plaintiff was driving a 2016 Dodge Charger at the 33900 block of Interstate Highway 20 in Dallas County, Texas. Meanwhile, Defendant Abraham Solomon Araya was driving a 2013 Freightliner tractor trailer one lane to the left of Plaintiff.

9.      Mr. Araya attempted an illegal lane change. Rather than turning from the right lane, he turned right from the left lane, striking Mr. Jackson's Charger and causing its airbag to deploy.



A photograph depicting Plaintiff's Charger after the wreck.

10.     Mr. Araya, in attempting an unsafe lane change with a semi-trailer on a 60 MPH road—created a dangerous hazard that seriously injured Plaintiff, which is why investigating

**Exhibit "A"**

officer J. Juarez of the Dallas County Sheriff's Department faulted Mr. Araya for causing the wreck, observing that Mr. Araya had attempt "an unsafe lane change."

**VI.**
**NEGLIGENCE**

11.     Plaintiff incorporates all other paragraphs by reference here fully.

12.     Mr. Araya, the driver of a commercial motor vehicle, had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances like those described above.

13.     Mr. Araya's negligent, careless, and reckless disregard of this duty proximately caused Plaintiff's injuries.

14.     The negligent, reckless, and careless disregard of this duty consisted of, but is not limited to, these acts and omissions:

    a.   failing to keep proper lookout for Plaintiff's vehicle that a person of ordinary prudence would have maintained under the same or similar circumstances;

    b.   failing to apply the brakes to his motor vehicle in a timely and prudent manner or wholly failing to apply his brakes in order to avoid the collision;

    c.   making an improper, erratic, and unsafe lane change in violation of § 545.060 of the Texas Transportation Code;

    d.   failing to control speed in violation of § 545.351 of the Texas Transportation Code;

    e.   failing to make a prudent evasive maneuver to avoid a motor vehicle collision;

    f.   violating the Texas Transportation Code;

    g.   violating the Federal Motor Carrier Safety Regulations; and

    h.   other acts considered negligent, as discovery of this case will reveal.

3

**Exhibit "A"**

## VII.
## GROSS NEGLIGENCE

15.     Plaintiff incorporates all other paragraphs by reference here fully.

16.     Plaintiff respectfully would show that Mr. Araya's gross negligence, acting by and through its employees, agents, drivers, officers, and representatives in the course of employment, caused Plaintiff's injuries and damages.

17.     Plaintiff would continue to show that these acts and omissions, when viewed from the standpoint of Mr. Araya, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Mr. Araya had actual, subjective awareness of the risks of its conduct, but still proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

18.     Thus, Mr. Araya is grossly negligent and should face exemplary damages.

## VIII.
## DAMAGES

19.     Plaintiff incorporates all other paragraphs by reference here fully.

20.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered severe injuries and incurred these damages:

   a.  Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of his injuries resulting from the incident complained of here and such charges are reasonable and were usual and customary charges for such services;

   b.  Reasonable and necessary medical care and expenses which, in all reasonable probability, Plaintiff will incur;

   c.  Physical pain and suffering in the past and in the future;

   d.  Physical impairment in the past, which, in all reasonable probability, Plaintiff will continue to suffer from in the future;

   e.  Mental anguish in the past and in the future;

**Exhibit "A"**

f.   Disfigurement in the past and in the future;

g.   Cost of medical monitoring and prevention in the future;

h.   Lost wages in the past;

i.   Loss of future earning capacity which Plaintiff will probably suffer; and

j.   All other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## IX.
## EXEMPLARY DAMAGES

21.   Plaintiff incorporates all other paragraphs by reference here fully.

22.   The acts or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in these acts or omissions, yet proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

23.   Based on these facts, Plaintiff requests exemplary damages.

## X.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

24.   Plaintiff prefers to have the Jury determine the fair amount of compensation for Plaintiff's damages. It is too early in the case to assess the full nature and scope of Plaintiff's injuries and the effect they will have. Plaintiff, therefore, requests that the Jury decide the appropriate amount of Plaintiff's compensation.

25.   Because, however, Texas Rule of Civil Procedure 47 *requires* Plaintiff to identify the amount of monetary relief sought, Plaintiff preliminarily requests over $1,000,000 in damages.

**Exhibit "A"**

## XI.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

26.     Under Texas Rule of Civil Procedure 193.7, Plaintiff gives notice that he intends to use all discovery instruments produced in discovery at trial. Such discovery instruments include, but are not limited to, all documents Defendant has produced in response to written discovery requests.

## XII.
## JURY TRIAL

27.     Plaintiff requests a trial by jury on all claims and has paid or will pay the jury fee.

## XIII.
## CONCLUSION & PRAYER

For these reasons, Plaintiff Jermaine Jackson requests that Defendant Abraham Solomon Araya be cited to appear and answer and that, upon a final hearing of the cause, the Court enter judgment for Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, as allowed by section 41.008 of the Texas Civil Practice and Remedies Code, together with prejudgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by the law; post judgment interest at the legal rate; costs of court; and such other relief which the Court determines Plaintiff may be entitled at law or in equity.

## Exhibit "A"

Respectfully submitted,

/s/  Charles M. Stam
Michael Streich
Texas State Bar No. 24079408
mstreich@zehllaw.com
Charles M. Stam
Texas State Bar No. 24106462
cstam@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone 713.491.6064
Facsimile 713.583.8545

**ATTORNEYS FOR PLAINTIFF**

**Exhibit "A"**

FILED
9/1/2021 10:58 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Gay Lane DEPUTY

**Z** Zehl & Associates PC

Galleria Tower I
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Main: (713) 491-6064
Facsimile: (713) 583-8545
www.zehllaw.com

August 30, 2021

DC-21-12138

14th

Envelope/Case number 56750432

Re: Jermaine Jackson v. Abraham Solomon Araya; Request for Issuance of Service

Dear District Clerk:

Please find enclosed Plaintiff's request for Issuance of Service.

Sincerely,

**ZEHL & ASSOCIATES, PC**

Lila Sheffer
Paralegal

**Exhibit "A"**

**<u>Request for Issuance of Service</u>**

**CAUSE NUMBER: _____**

**STYLE: <u>JERMAINE JACKSON V. ABRAHAM SOLOMON ARAYA</u>**

**Name of Document(s) to be Served: <u>Plaintiff's Original Petition</u>_____**

**Issue Service to: <u>Abraham Solomon Araya</u>_____**

**Address of Service: <u>4780 Old Lantern Way, Charlotte, NC 28212</u>_____**

**Agent (if applicable): _____**

**Type of Service/Process to be Issued: <u>Citation</u>_____**

**Service by: <u>E-Issuance by District Clerk</u>_____**

**Issuance of Service Requested by: <u>Michael E. Streich, Esq.</u>_____**

**Bar #: <u>24079408</u>_____**

**Mailing Address: <u>2700 Post Oak Blvd., Suite 1000, Houston, TX 77056</u>**

**Phone Number: <u>713-491-6064</u>_____**

**Exhibit "A"**

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:   **ABRAHAM SOLOMON ARAYA**
      **4780 OLD LANTERN WAY**
      **CHARLOTTE NC  28212**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and  petition, a default judgment may be taken against you. In addition
to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this
suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find
out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **14th District Court** at 600
Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JERMAINE JACKSON**

Filed in said Court  **1st day of September, 2021** against

**ABRAHAM SOLOMON ARAYA**

For Suit, said suit being numbered **DC-21-12138,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 8th day of September, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By_____, Deputy
            COURTNEY RUTLEDGE

---

**ESREVE**

**CITATION**

**DC-21-12138**

**JERMAINE JACKSON**
vs.
**ABRAHAM SOLOMON ARAYA**

ISSUED THIS
**8th day of September, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  COURTNEY RUTLEDGE, Deputy

---

**Attorney for Plaintiff**
**CHARLES STAM**
LIGHTFOOT FRANKLIN & WHITE LLC
1885 SAINT JAMES PLACE
SUITE 1150
HOUSTON TX  77056
713-960-1488
CSTAM@LIGHTFOOTLAW.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

---

**Exhibit "A"**

# OFFICER'S RETURN

Case No. :  DC-21-12138

Court No.14th District Court

Style: JERMAINE JACKSON

  vs.

ABRAHAM SOLOMON ARAYA

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

        For serving Citation     $_____        _____

        For mileage         $ _____      of _____County, _____

        For Notary          $_____      By _____ Deputy

               (Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

                                  _____

                       Notary Public _____ County _____

# Exhibit "A"

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To: **ABRAHAM SOLOMON ARAYA**
**4780 OLD LANTERN WAY**
**CHARLOTTE NC 28212**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JERMAINE JACKSON**

Filed in said Court **1st day of October, 2021** against

**ABRAHAM SOLOMON ARAYA AND SNA TRUCKING, LLC**

For Suit, said suit being numbered **DC-21-12138,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of November, 2021.



ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

*Courtney Rutledge*

By_____, Deputy
        COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-21-12138**

**JERMAINE JACKSON**
vs.
**ABRAHAM SOLOMON ARAYA, et al**

ISSUED THIS
**17th day of November, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**MICHAEL EDWARD STREICH**
500 DALLAS ST STE 1300
HOUSTON TX 77002
713-626-1386
MICHAEL.STREICH@PHELPS.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**Exhibit "A"**

10/1/202
FELIC
DISTRICT
DALLAS CO.
Rosa Delacerda DE

CAUSE NO. DC-21-12138

| | | |
|---|---|---|
| JERMAINE JACKSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| ABRAHAM SOLOMON ARAYA, | § | |
| | § | |
| *Defendants.* | § | 14th JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

Plaintiff Jermaine Jackson files this First Amended Petition complaining of the acts or omissions of Defendants, Abraham Solomon Araya and SNA Trucking, LLC, and respectfully shows the Court as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.    Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.
### PARTIES & SERVICE

2.    Plaintiff Jermaine Jackson is an individual residing in Texas. He may be contacted through his counsel of record, ZEHL & ASSOCIATES, P.C.

3.    Defendant Abraham Solomon Araya is an individual. He may be served at 4780 Old Lantern Way, Charlotte, North Carolina 28212, or wherever else he may be found.

4.    Defendant SNA Trucking, LLC ("SNA") is a foreign limited liability company doing business in the State of Texas with its principal office and place of business located at 4381 Central Avenue, Apartment E, Charlotte, North Carolina 28205.

5.    Defendants Mr. Araya and SNA are nonresidents under section 17.041 of the Texas Civil Practice & Remedies Code. On information and belief, Mr. Araya and SNA do business in

## Exhibit "A"

Texas and this lawsuit arises from a tort Mr. Araya and SNA committed in Texas. As such, this lawsuit arises out of business in Texas to which Mr. Araya and SNA were a party. Therefore, the Texas Secretary of State is Mr. Araya's and SNA's agent for service of process. Service of process directed at Mr. Araya and SNA can be effectuated served through the Texas Secretary of State via the procedures outlined in sections 17.044(a)(3) and 17.045 of the Texas Civil Practice and Remedies Code, section 5.252 of the Texas Business Organizations Code, and other applicable law. Plaintiff requests a citation.

### III.
### MISNOMER/ALTER EGO

6. If any parties are misnamed or not included here, Plaintiff contends that such an omission is a "misidentification," "misnomer," or an "alter ego" of the parties named here. Under Texas Rule of Civil Procedure 28, Plaintiff may sue any entity doing business under an assumed name may in its assumed name to enforce a substantive right against it.

### IV.
### JURISDICTION & VENUE

7. The subject matter in controversy is within the jurisdictional limits of this Court.

8. This Court has personal jurisdiction over Defendants because all or a substantial part of the events giving rise to this dispute occurred within the State of Texas.

9. Venue is proper and maintainable in Dallas County, Texas, under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because it is where all or a substantial part of the events or omissions giving rise to the claim occurred.

### V.
### FACTS

10. On August 19, 2021, at around 12:35 p.m., Plaintiff was driving a 2016 Dodge Charger at the 33900 block of Interstate Highway 20 in Dallas County, Texas. Meanwhile,

### Exhibit "A"

Defendant Abraham Solomon Araya was driving a 2013 Freightliner tractor trailer one lane to the left of Plaintiff. Upon information and belief, Mr. Araya's 2013 Freightliner was owned or otherwise controlled by Defendant SNA.

11.    Mr. Araya attempted an illegal lane change. Rather than turning from the right lane, he turned right from the left lane, striking Mr. Jackson's Charger and deploying its airbag.



A photograph depicting Plaintiff's Charger after the wreck.

12.    Mr. Araya was operating this large commercial unit in the course and scope of his employment or statutory employment with SNA, within his duties for SNA, or both.

13.    Mr. Araya—in attempting an unsafe lane change with a semi-trailer on a 60 MPH road—created a dangerous hazard that seriously injured Plaintiff, which is why investigating officer J. Juarez of the Dallas County Sheriff's Department faulted Mr. Araya for causing the wreck, observing that Mr. Araya had attempt "an unsafe lane change."

14.    As a result of this crash, Plaintiff sustained injuries that he continues to suffer from.

## VI.
## NEGLIGENCE OF MR. ARAYA

15.    Plaintiff incorporates all other paragraphs by reference here fully.

3

**Exhibit "A"**

16. Mr. Araya, the driver of a commercial motor vehicle, had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances like those described above.

17. Mr. Araya's negligent, careless, and reckless disregard of this duty proximately caused Plaintiff's injuries.

18. The negligent, reckless, and careless disregard of this duty consisted of, but is not limited to, these acts and omissions:

> a. failing to keep proper lookout for Plaintiff's vehicle that a person of ordinary prudence would have maintained under the same or similar circumstances;
>
> b. failing to apply the brakes to his motor vehicle in a timely and prudent manner or wholly failing to apply his brakes in order to avoid the collision;
>
> c. making an improper, erratic, and unsafe lane change in violation of § 545.060 of the Texas Transportation Code;
>
> d. failing to control speed in violation of § 545.351 of the Texas Transportation Code;
>
> e. failing to make a prudent evasive maneuver to avoid a motor vehicle collision;
>
> f. violating the Texas Transportation Code;
>
> g. violating the Federal Motor Carrier Safety Regulations; and
>
> h. other acts considered negligent, as discovery of this case will reveal.

## VII.
## RESPONDEAT SUPERIOR

19. Plaintiff incorporates all other paragraphs by reference here fully.

20. Whenever Plaintiff alleges that SNA did or failed to do an act or omission, Plaintiff means that SNA, acting individually, or by and through agents, officers, directors, servants, and

4

**Exhibit "A"**

employees, either did or failed to do that particular act or omission. This applies to acts or omissions by Mr. Araya, in the course and scope of his employment, agency, or contract to advance SNA's business.

21. At the time of the collision, and right before it, Mr. Araya was within the course and scope of his employment with SNA.

22. At the time of the collision, and just before it, Mr. Araya was engaged in accomplishing a task for which SNA employed him.

23. Additionally, Mr. Araya was a statutory employee of SNA under 49 C.F.R. §§ 376.11–12, 390.5 et seq., 37 Tex. Admin. Code § 4.11 et seq., and other applicable laws.

24. Thus, under the doctrine of respondeat superior, SNA is vicariously liable for Mr. Araya's conduct.

## VIII.
## NEGLIGENCE OF SNA

25. Plaintiff incorporates all other paragraphs by reference here fully.

26. The statutory violations and negligent acts and omissions of Mr. Araya and SNA, separately and collectively, were a direct and proximate cause of this incident and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence per se. More specifically, Mr. Araya and SNA violated the Texas Transportation Code and the Federal Motor Carrier Safety Regulations.

27. Mr. Araya and SNA's violations of these rules and statutes created the very risk of injury to Plaintiff that state and federal standards were designed to protect against. Such negligence proximately caused Plaintiff's injuries and damages.

28. SNA's negligent acts and omission also include, without limitation:

5

**Exhibit "A"**

a. negligently entrusting the vehicle to Mr. Araya when SNA knew or should have known that Mr. Araya was an incompetent driver, unqualified to drive a commercial motor vehicle, and inadequately trained;

b. negligently hiring and entrusting incompetent drivers, including Mr. Araya, with the right to operate a commercial motor vehicle;

c. negligently failing to properly train Mr. Araya in the operation of the subject vehicle;

d. negligently supervising Mr. Araya;

e. negligently training Mr. Araya;

f. failing to do what a reasonably prudent motor carrier would do under the same and similar circumstances;

g. violating the Texas Transportation Code, the Texas Department of Public Safety's Commercial Vehicle Regulations, and the Federal Motor Carrier Safety Regulations; and

h. such other acts of negligence, which will be established as the case progresses.

29.     SNA's conduct reflects a reckless disregard for the safety of others—including

Plaintiff—and conscious indifference to the rights, welfare, and safety of Texas drivers. Such

negligence proximately caused Plaintiff's injuries.

## IX.
## GROSS NEGLIGENCE

30.     Plaintiff incorporates all other paragraphs by reference here fully.

31.     Plaintiff respectfully would show that SNA's gross negligence, acting by and

through its employees, agents, drivers, officers, and representatives in the course of employment,

including Mr. Araya, caused Plaintiff's injuries and damages.

32.     Plaintiff would continue to show that these acts and omissions, when viewed from

the standpoint of SNA and Mr. Araya, involved an extreme degree of risk, considering the

probability and magnitude of the potential harm to Plaintiff and others. SNA and Mr. Araya had

6

**Exhibit "A"**

actual, subjective awareness of the risks of its conduct, but still proceeded with conscious

indifference to the rights, safety, or welfare of Plaintiff and others.

33.    Thus, SNA and Mr. Araya are grossly negligent and should face exemplary

damages.

## X.
## DAMAGES

34.    Plaintiff incorporates all other paragraphs by reference here fully.

35.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff has suffered severe injuries and incurred these damages:

   a.  Reasonable medical care and expenses in the past. Plaintiff incurred these
       expenses for the necessary care and treatment of his injuries resulting from
       the incident complained of here and such charges are reasonable and were
       usual and customary charges for such services;

   b.  Reasonable and necessary medical care and expenses which, in all
       reasonable probability, Plaintiff will incur;

   c.  Physical pain and suffering in the past and future;

   d.  Physical impairment in the past, which, in all reasonable probability,
       Plaintiff will continue to suffer from in the future;

   e.  Mental anguish in the past and future;

   f.  Disfigurement in the past and future;

   g.  Cost of medical monitoring and prevention in the future;

   h.  Lost wages in the past;

   i.  Loss of future earning capacity which Plaintiff will probably suffer; and

   j.  All other damages to which Plaintiff shows entitlement in law or equity
       through the course of this proceeding.

7

## Exhibit "A"

## XI.
## EXEMPLARY DAMAGES

36.     Plaintiff incorporates all other paragraphs by reference here fully.

37.     The acts or omissions described above, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risk involved in these acts or omissions, yet proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

38.     Based on these facts, Plaintiff requests exemplary damages.

## XII.
## RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

39.     Plaintiff prefers to have the Jury determine the fair amount of compensation for Plaintiff's damages. It is too early in the case to assess the full nature and scope of Plaintiff's injuries and the effect they will have. Plaintiff, therefore, requests that the Jury decide the appropriate amount of Plaintiff's compensation.

40.     Because, however, Texas Rule of Civil Procedure 47 *requires* Plaintiff to identify the amount of monetary relief sought, Plaintiff preliminarily requests over $1,000,000 in damages.

## XIII.
## NOTICE OF INTENT TO USE DISCOVERY AT TRIAL

41.     Under Texas Rule of Civil Procedure 193.7, Plaintiff gives notice that he intends to use all discovery instruments produced in discovery at trial, including—without limitation—all documents that Defendants produce in response to written discovery requests.

## XIV.
## JURY TRIAL

42.     Plaintiff requests a trial by jury on all claims and has paid or will pay the jury fee.

8

## Exhibit "A"

## XV.
## CONCLUSION & PRAYER

For these reasons, Plaintiff Jermaine Jackson requests that Defendants, Abraham Solomon Araya and SNA Trucking, LLC, be cited to appear and answer and that, upon a final hearing of the cause, the Court enter judgment for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, as allowed by section 41.008 of the Texas Civil Practice and Remedies Code, together with prejudgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by the law; post judgment interest at the legal rate; costs of court; and such other relief which the Court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

/s/ Charles M. Stam
Michael Streich
Texas State Bar No. 24079408
mstreich@zehllaw.com
Charles M. Stam
Texas State Bar No. 24106462
cstam@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone 713.491.6064
Facsimile 713.583.8545

**ATTORNEYS FOR PLAINTIFF**

9

## Exhibit "A"

FILED
10/1/2021 5:07 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

### Request for Issuance of Service

**CASE NUMBER:** DC-21-12138      **CURRENT COURT:** 14th Judicial District

**Name(s) of Documents to be served:** Plaintiff's First Amended Petition

**FILE DATE:** 10/1/2021     Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** SNA Trucking, LLC

**Address of Service:** PO Box 12079

**City, State & Zip:** Austin, TX 78711-2079

**Agent (if applicable)** Secretary of State of Texas

## TYPE OF SERVICE/PROCESS TO BE ISSUED: (Check the proper Box)

- [x] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    Newspaper _____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

---

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [ ] **MAIL to attorney at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**
- [x] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

---

**Issuance of Service Requested By:** Attorney/Party Name: Michael E. Streich    Bar # or ID 24079408

**Mailing Address:** 2700 Post Oak Blvd, Suite 1000, Houston, TX 77056

**Phone Number:** 713-491-6064

## Exhibit "A"



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

October 12, 2021

File Copy

DC-21-12138
JERMAINE JACKSON  vs.  ABRAHAM SOLOMON ARAYA, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**November 15, 2021** at **1:30 PM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 MICHAEL EDWARD STREICH
 500 DALLAS ST STE 1300
 HOUSTON TX 77002

**Exhibit "A"**

FILED
10/26/2021 10:17 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

# Z  Zehl & Associates PC

Galleria Tower I
2700 Post Oak Blvd., Ste. 1120
Houston, Texas 77056
Main: (713) 491-6064
Facsimile: (713) 583-8545
www.zehllaw.com

October 26, 2021

**Via Electronic Service**
ATTN: Clerk of Court:
14th Judicial District Court, Dallas County, Texas

    *Re:*    *Cause Number: DC-21-12138 Jackson v. Abraham Solomon Araya, et.al*
         In the 14th District Court, Dallas County, Texas.

Dear Clerk,

    Please allow this correspondence to serve as a supplemental payment of $4.00 for my previous request for issuance of citation to SNA Trucking, LLC.

    Should you have any questions or concerns, please email lsheffer@zehllaw.com or contact me at 281-301-1935 for assistance.

        Sincerely,
        **ZEHL & ASSOCIATES, PC**

        **/S/ LILA SHEFFER**

        Lila Sheffer
        Senior Paralegal

**Exhibit "A"**

1 CIT ESERVE

FILED
10/26/2021 10:17 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Stephanie Clark DEPUTY

Case 3:22-cv-00002-K   Document 1   Filed 01/03/22   Page 30 of 55   PageID 30

**Request for Issuance of Service**

CASE NUMBER: DC-21-12138        CURRENT COURT: 14th District Court, Dallas County

Name(s) of Documents to be served: Plaintiff's First Amended Petition

**FILE DATE:** 10/1/2021        Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Abraham Solomon Araya

Address of Service: 4780 Old Lantern Way

City, State & Zip: Charlotte, North Carolina 28212

Agent (if applicable)

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [✓] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**      **Newspaper**_____
- [ ] **Temporary Restraining Order**      [ ] **Precept**      [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**      [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____   [✓] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____        **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**                          *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**      used to retrieve the E-Issuance Service Documents.
                                             Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER,** *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Michael E. Streich   Bar # or ID   24079408

Mailing Address: 2700 Post Oak Blvd, Suite 1000, Houston, TX 77056

Phone Number: 713-491-6064

**Exhibit "A"**

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

**To:    ABRAHAM SOLOMON ARAYA**
**4780 OLD LANTERN WAY**
**CHARLOTTE, NORTH CAROLINA  28212**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S FIRST AMENDED PETITION**, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JERMAINE JACKSON**

Filed in said Court  **1st day of October, 2021** against

**ABRAHAM SOLOMON ARAYA AND SNA TRUCKING, LLC**

For Suit, said suit being numbered **DC-21-12138,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 1st day of November, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
      ANGELA CONEJO



---

**ESERVE**

**CITATION**

**DC-21-12138**

**JERMAINE JACKSON**
**vs.**
**ABRAHAM SOLOMON ARAYA, et al**

ISSUED THIS
**1st day of November, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  ANGELA CONEJO, Deputy

**Attorney for Plaintiff**
**CHARLES M. STAM**
**ZEHL & ASSOCIATES, PC**
**2700 POST OAK BlVD., SUITE 1000**
**HOUSTON, TEXAS  77056**
**(713) 491-6064**
cstam@zehllaw.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**Exhibit "A"**

## OFFICER'S RETURN

Case No. :  DC-21-12138

Court No.14th District Court

Style: JERMAINE JACKSON

 vs.

ABRAHAM SOLOMON ARAYA, et al

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of _____,

20_____, by delivering to the within named _____

_____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____ County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

## Exhibit "A"

**FORM NO. 3534 CITATION**
**THE STATE OF TEXAS**

<table>
<tr><td>

**To:**  **SNA TRUCKING, LLC**
      **BY SERVING THE TEXAS SECRETARY OF STATE**
      **OFFICE OF THE TEXAS SECRETARY OF STATE**
      **CITATIONS UNIT - P.O. BOX 12079**
      **AUSTIN, TEXAS, 78711**

</td><td>

<u>**ESERVE  (SOS)**</u>

**CITATION**

No.: **DC-21-12138**

</td></tr>
</table>

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and **PLAINTIFF'S FIRST AMENDED PETITION**, a default judgment may be taken against you.
  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District Court**  at 600 Commerce Street, Dallas Texas, 75202.

  Said **PLAINTIFF** being  **JERMAINE JACKSON**

Filed in said Court on the **1st day of October, 2021** against

  <u>**ABRAHAM SOLOMON ARAYA AND SNA TRUCKING, LLC**</u>

  For suit, said suit being numbered  **DC-21-12138**  the nature of which demand is as follows:
  Suit On  **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition  a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 1st day of November, 2021**
ATTEST: FELICIA PITRE Clerk of the District Courts of Dallas, County, Texas

     By_____, Deputy
           ANGELA CONEJO

**JERMAINE JACKSON**
**vs.**
**ABRAHAM SOLOMON ARAYA, et al**

**ISSUED**
**ON THIS THE 1ST DAY OF**
**NOVEMBER, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **ANGELA CONEJO**, Deputy

Attorney for : Plaintiff
**CHARLES M. STAM**
**ZEHL & ASSOCIATES, PC**
**2700 POST OAK BIVD., SUITE 1000**
**HOUSTON, TEXAS  77056**
**(713) 491-6064**
cstam@zehllaw.com



**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**Exhibit "A"**

**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-21-12138
Court No: 14th District Court
Style: JERMAINE JACKSON vs. ABRAHAM SOLOMON ARAYA, et al

Received this Citation the _____ day of _____, 20_____ at _____ o'clock.  Executed at _____, within the County of
_____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock, by
delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of
Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------
**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20_____ at _____ o'clock   .M.  Executed at _____, within the County of
_____, State of_____, on the _____ day of _____, 20_____, at _____ o'clock _____ .M.
by summoning the within named Corporation, _____
_____ President - Vice President - Registered Agent - in person, of the said
_____
a true copy of this citation together with the accompanying copy of Plaintiff's FIRST AMENDED original petition, having first indorsed on same the date of
delivery.

----------000000----------
The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness by my hand.
For Serving Citation      $_____      Sheriff_____
For Mileage                  $_____      County of_____
For Notary                    $_____      State of_____
        Total Fees           $_____      By_____
(Must be verified if served outside the State of Texas)
State of_____
County of_____
        Signed and sworn to me by the said _____ before me this _____ day of _____, 20_____, to certify
which witness my hand and seal of office.

                                        Seal                                                _____
                                                                                                        State & County of
                                                                                            _____

**Exhibit "A"**

FILED
11/9/2021 9:40 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

### Request for Issuance of Service

**CASE NUMBER:** DC-21-12138

**CURRENT COURT:** 14th District Court, Dallas County

**Name(s) of Documents to be served:** Plaintiff's First Amended Petition

**FILE DATE:** 10/1/2021 _____ Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

**Issue Service to:** Abraham Solomon Araya

**Address of Service:** 4780 Old Lantern Way

**City, State & Zip:** Charlotte, North Carolina 28212

**Agent (if applicable)** _____

**TYPE OF SERVICE/PROCESS TO BE ISSUED:** (Check the proper Box)

- [✓] **Citation**
- [ ] **Citation by Posting**
- [ ] **Citation by Publication**
- [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**    **Newspaper**_____
- [ ] **Temporary Restraining Order**
- [ ] **Precept**
- [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**
- [ ] **Capias** (not by E-Issuance)
- [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**
- [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**
- [ ] **Hague Convention ($16.00)**
- [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)
- [ ] **Injunction**
- [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____
- [✓] **E-Issuance by District Clerk** **(No Service Copy Fees Charged)**
- [ ] **MAIL to attorney   at:** _____
- [ ] **CONSTABLE**
- [ ] **CERTIFIED MAIL by District Clerk**

*Note:* The email registered with EfileTexas.gov must be used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____
- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: Michael E. Streich    Bar # or ID  24079408

**Mailing Address:** 2700 Post Oak Blvd, Suite 1000, Houston, TX 77056

**Phone Number:** 713-491-6064

**Exhibit "A"**

FILED
11/9/2021 9:40 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Alicia Mata DEPUTY

Case 3:22-cv-00002-K    Document 1    Filed 01/03/22    Page 36 of 55    PageID 36

1 CIT/SOS/ESERVE

## Request for Issuance of Service

CASE NUMBER: __DC-21-12138__    CURRENT COURT: __14th Judicial District__

Name(s) of Documents to be served: __Plaintiff's First Amended Petition__

**FILE DATE:** __10/1/2021__    Month/Day/Year

**SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):**

Issue Service to: __SNA Trucking, LLC__

Address of Service: __PO Box 12079__

City, State & Zip: __Austin, TX 78711-2079__

Agent (if applicable) __Secretary of State of Texas__

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

- [✓] **Citation**   [ ] **Citation by Posting**   [ ] **Citation by Publication**   [ ] **Citations Rule 106 Service**
- [ ] **Citation Scire Facias**   **Newspaper**_____
- [ ] **Temporary Restraining Order**   [ ] **Precept**   [ ] **Notice**
- [ ] **Protective Order**
- [ ] **Secretary of State Citation ($12.00)**   [ ] **Capias** (not by E-Issuance)   [ ] **Attachment** (not by E-Issuance)
- [ ] **Certiorari**   [ ] **Highway Commission ($12.00)**
- [ ] **Commissioner of Insurance ($12.00)**   [ ] **Hague Convention ($16.00)**   [ ] **Garnishment**
- [ ] **Habeas Corpus** (not by E-Issuance)   [ ] **Injunction**   [ ] **Sequestration**
- [ ] **Subpoena**
- [ ] **Other (Please Describe)** _____

**(See additional Forms for Post Judgment Service)**

**SERVICE BY** *(check one)*:
- [ ] **ATTORNEY PICK-UP (phone)** _____   [✓] **E-Issuance by District Clerk**
- [ ] **MAIL to attorney   at:** _____   **(No Service Copy Fees Charged)**
- [ ] **CONSTABLE**   *Note:* The email registered with EfileTexas.gov must be
- [ ] **CERTIFIED MAIL by District Clerk**   used to retrieve the E-Issuance Service Documents. Visit www.hcdistrictclerk.com for more instructions.

- [ ] **CIVIL PROCESS SERVER** - Authorized Person to Pick-up: _____   Phone: _____

- [ ] **OTHER**, *explain* _____

**Issuance of Service Requested By:** Attorney/Party Name: __Michael E. Streich__    Bar # or ID __24079408__

Mailing Address: __2700 Post Oak Blvd, Suite 1000, Houston, TX 77056__

Phone Number: __713-491-6064__

**Exhibit "A"**



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

November 15, 2021

File Copy

DC-21-12138
JERMAINE JACKSON  vs.  ABRAHAM SOLOMON ARAYA, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**December 13, 2021 at 1:30 PM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 MICHAEL EDWARD STREICH
 500 DALLAS ST STE 1300
 HOUSTON TX 77002

**Exhibit "A"**

**Exhibit "A"**



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

November 15, 2021

MICHAEL EDWARD STREICH
500 DALLAS ST STE 1300
HOUSTON TX  77002

DC-21-12138
JERMAINE JACKSON  vs.  ABRAHAM SOLOMON ARAYA, et al

---

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**December 13, 2021 at 1:30 PM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

**Exhibit "A"**

FILED
11/23/2021 9:36 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Daniel Macias DEPUTY

### CAUSE NO. DC-21-12138

| | | |
|---|---|---|
| JERMAINE JACKSON | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 14th District Court |
| | § | |
| ABRAHAM SOLOMON ARAYA | § | DALLAS COUNTY, TX |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |
| | § | |

### RETURN OF SERVICE

**ON Wednesday, November 17, 2021 AT 4:41 PM**
TWO COPIES OF: CITATION, PLAINTIFF'S FIRST AMENDED PETITION; CHECK TO THE TEXAS SECRETARY OF STATE  for service on SNA TRUCKING, LLC C/O THE SECRETARY OF STATE came to hand.

**ON Monday, November 22, 2021 AT 3:20 PM, I, ADRIANA ADAM, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** SNA TRUCKING, LLC C/O THE SECRETARY OF STATE, by delivering to Web Jerome, 1019  BRAZOS, AUSTIN, TRAVIS COUNTY, TX 78701.

My name is ADRIANA ADAM. My address is 1201 Louisiana, Suite 370, Houston, TX 77002. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 17714, expires 10/31/2023). My e-mail address is info@easy-serve.com. My date of birth is 3/30/1992. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in TRAVIS COUNTY, TX on Monday, November 22, 2021.

/S/ ADRIANA ADAM

Jermaine Jackson v. Abraham Solomon Araya et al.

Doc ID: 288312_1

### Exhibit "A"

**FORM NO. 3534  CITATION**
**THE STATE OF TEXAS**

ESERVE  (SOS)

**To:**   **SNA TRUCKING, LLC**
**BY SERVING THE SECRETARY OF STATE**
**OFFICE OF THE SECRETARY OF STATE**
**CITATIONS UNIT - P.O. BOX 12079**
**AUSTIN, TX, 78711**

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk
who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were
served this citation and **FIRST** petition, a default judgment may be taken against you.
  In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with
the clerk.  Find out more at TexasLawHelp.org. Your answer should be addressed to the clerk of the **14th District**
**Court**  at 600 Commerce Street, Dallas Texas, 75202.

  Said **PLAINTIFF** being  **JERMAINE JACKSON**


  Filed in said Court on the **1st day of October, 2021** against


  **ABRAHAM SOLOMON ARAYA; SNA TRUCKING, LLC**


  For suit, said suit being numbered  **DC-21-12138**  the nature of which demand is as follows:
  Suit On **MOTOR VEHICLE ACCIDENT** etc.
as shown on said petition  a copy of which accompanies this citation.  If this citation is not served, it shall be returned
unexecuted.


WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
  Given under my hand and the Seal of said Court at office **on this the 17th day of November, 2021**
ATTEST: FELICIA PITRE Clerk of the District Courts of Dallas, County Texas

By_____, Deputy
             **COURTNEY RUTLEDGE**

---

**CITATION**

| No.: **DC-21-12138** |
| --- |

**JERMAINE JACKSON**
**vs.**
**ABRAHAM SOLOMON ARAYA, et al**


**ISSUED**
**ON THIS THE 17TH DAY OF**
**NOVEMBER, 2021**


FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **COURTNEY RUTLEDGE**, Deputy

---

Attorney for : Plaintiff
**MICHAEL EDWARD STREICH**
500 DALLAS ST STE 1300
HOUSTON TX  77002
713-626-1386
MICHAEL.STREICH@PHELPS.COM

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

**Exhibit "A"**

FILED
12/8/2021 11:01 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
SADAF RAJPUT DEPUTY

## CAUSE NO. DC-21-12138

| | | |
|---|---|---|
| JERMAINE JACKSON, **PLAINTIFF** | § § § | |
| | § | IN THE 14TH DISTRICT COURT |
| VS. | § § | |
| | § | DALLAS COUNTY, TX |
| ABRAHAM SOLOMON ARAYA, **DEFENDANT** | § § § | |

## RETURN OF SERVICE

**BEFORE ME**, the undersigned authority, on this day, **MICHAEL VANKEUREN**, personally appeared before me and stated under oath as follows:

My name is **MICHAEL VANKEUREN**. I am over the age of eighteen (18), I am not a party to this case, and have no interest in its outcome. I am in all ways competent to make this statement, and this statement is based on personal knowledge. The facts stated herein are true and correct.

**ON Wednesday, November 17, 2021 AT 03:43 PM** - CITATION, PLAINTIFF'S FIRST AMENDED PETITION **CAME TO HAND.**

**ON Saturday, December 4, 2021 AT 11:05 AM - THE ABOVE NAMED DOCUMENTS WERE DELIVERED TO:** ABRAHAM SOLOMON ARAYA, 4780 OLD LANTERN WAY, CHARLOTTE, MECKLENBURG COUNTY, NC, 28212 **BY PERSONAL DELIVERY.**

**FURTHER AFFIANT SAYETH NOT.**

_____
**Michael Vankeuren, Affiant**

**Before me personally appeared the above-named affiant, who, being first duly sworn, stated upon oath that the above-stated facts are true and correct and within his or her personal knowledge, and subscribed the same on this __7__ day of December_____, 2021.**

_____
Notary Public In And for the State of North Carolina

Terri VanKeuren
Notary Public
Cabarrus County
North Carolina
My Commission Expires March 21, 2022

DocID: 288311-1

Jermaine Jackson v. Abraham Solomon Araya et al.

## Exhibit "A"

**FORM NO. 353-3 - CITATION**
**THE STATE OF TEXAS**

To:     **ABRAHAM SOLOMON ARAYA**
      **4780 OLD LANTERN WAY**
      **CHARLOTTE NC  28212**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written
answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of
twenty days after you were served this citation and **FIRST AMENDED** petition, a default judgment may be taken
against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to
the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the
**14th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **JERMAINE JACKSON**

Filed in said Court  **1st day of October, 2021** against

**ABRAHAM SOLOMON ARAYA AND SNA TRUCKING, LLC**

For Suit, said suit being numbered **DC-21-12138,** the nature of which demand is as follows:
Suit on **MOTOR VEHICLE ACCIDENT** etc. as shown on said petition, a copy of which accompanies this citation.
If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 17th day of November, 2021.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas



By_____, Deputy
        COURTNEY RUTLEDGE

---

**ESERVE**

**CITATION**

**DC-21-12138**

**JERMAINE JACKSON**
**vs.**
**ABRAHAM SOLOMON ARAYA, et al**

ISSUED THIS
**17th day of November, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  COURTNEY RUTLEDGE, Deputy

**Attorney for Plaintiff**
**MICHAEL EDWARD STREICH**
500 DALLAS ST STE 1300
HOUSTON TX  77002
713-626-1386
MICHAEL.STREICH@PHELPS.COM



**Exhibit "A"**



14TH JUDICIAL DISTRICT COURT
GEORGE L. ALLEN COURTS BUILDING
600 COMMERCE STREET
DALLAS, TEXAS 75202-4604

December 13, 2021

File Copy

DC-21-12138
JERMAINE JACKSON  vs.  ABRAHAM SOLOMON ARAYA, et al

ALL COUNSEL OF RECORD AND PRO SE PARTIES:

The above case is set for dismissal, pursuant to Rule 165A, Texas Rules of Civil procedure and pursuant to the inherent power of the Court, on:

**January 12, 2022** at **2:00 PM**

If no answer has been filed you are expected to have moved for a default judgment on or prior to that date. Your failure to have done so will result in the dismissal of the case on the above date.

If you have been unable to obtain service of process and you wish to retain the case on the docket, you must appear on the above date, unless you have obtained a new setting from the court coordinator.

Sincerely,

ERIC V. MOYÉ, DISTRICT JUDGE
14TH DISTRICT COURT
Dallas County, Texas

Cc:
 MICHAEL EDWARD STREICH
 500 DALLAS ST STE 1300
 HOUSTON TX 77002

**Exhibit "A"**

FILED
12/17/2021 10:24 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jenifer Trujillo DEPUTY

## CAUSE NO. DC-21-12138

| | | |
|---|---|---|
| **JERMAINE JACKSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **ABRAHAM SOLOMON ARAYA,** | § | |
| | § | |
| *Defendants.* | § | **14ᵀᴴ JUDICIAL DISTRICT** |

## DEFENDANT ABRAHAM SOLOMON ARAYA'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **ABRAHAM SOLOMON ARAYA**, a named Defendant in the above entitled and numbered cause, and files this his Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.   A jury fee has already been paid.

### III.
### AFFIRMATIVE DEFENSES

3.     Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

Exhibit "A"

4.      Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiff, if any, were proximately caused in whole or in part by the conduct of Plaintiff or by any other party, settling party, designated responsible third party and/or non-party.  Defendant asserts that he is entitled to a reduction of damages awarded to the Plaintiff, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5.      Defendant affirmatively pleads that he is entitled to an offset and credit in the amount of any settlements obtained by Plaintiff for the claims in this matter from any other parties.

6.      Defendant would show that Plaintiff is limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7.      Defendant would show that Plaintiff is limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8.      Defendant asserts that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant.  Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9.      Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiff.  Defendant would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the basis of this lawsuit.

10.     Defendant contends that Plaintiff did not use ordinary care in reducing or avoiding his alleged damages, and thus failed to mitigate his damages, if any.

Exhibit "A"

## IV.
## PUNITIVE AND STATUTORY DAMAGES AND FINES

11.    Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiff is barred from recovering punitive damages from this Defendant.  In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiff seeks.  Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

## V.
## OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE

11.    Defendant objects to Plaintiff's Rule 193.7 Notice contained in Plaintiff's Original Petition as premature and improper.  Tex. R. Civ. P. 193.7 provides a producing party ten (10) days from the date actual notice that a document will be used to object to the authenticity of a document.  Defendant has been provided with no actual notice of Plaintiff's intent to use any particular document, and thus has no ability to object to such document's authenticity.  As discovery is just beginning in this matter, Defendant cannot conceive the scope and or breadth of the documents which may be produced in this litigation, and therefore does not waive its right to raise a good faith objection to the authenticity of a document or portion of a document which may nonetheless be responsive to Plaintiff's written discovery requests.  Additionally, Defendant's notice period to object to Plaintiff's general notice expired *before* the date its responsive pleading to the Original Petition is due.

## VI.
## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Defendant **ABRAHAM SOLOMON ARAYA** prays that the Plaintiff take nothing by this suit, that Defendant go hence with his costs

Exhibit "A"

without delay, and for such other and further relief, both general and special, at law and in equity, to which Defendant may show himself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT**
**ABRAHAM SOLOMON ARAYA**

**CERTIFICATE OF SERVICE**

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 17th day of December 2021.

**Via ECF:**
**Michael Streich**
**Charles M. Stam**
Zehl & Associates, PC
2700 Post Oak Blvd., Ste. 1000
Houston, TX  77056
713-491-6064
713-583-8545 - fax
mstreich@zehllaw.com
cstam@zehllaw.com
*Attorneys for Plaintiff*

**DANIEL M. KARP**

Exhibit "A"

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandra Hinton on behalf of Dan Karp
Bar No. 24012937
shinton@feesmith.com
Envelope ID: 60125213
Status as of 12/17/2021 1:22 PM CST

Associated Case Party: JERMAINE JACKSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan H.Zehl | | eservice@zehllaw.com | 12/17/2021 10:24:26 AM | SENT |
| Michael E.Streich | | mstreich@zehllaw.com | 12/17/2021 10:24:26 AM | SENT |
| Lila Sheffer | | lsheffer@zehllaw.com | 12/17/2021 10:24:26 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CHARLES STAM | | CSTAM@LIGHTFOOTLAW.COM | 12/17/2021 10:24:26 AM | SENT |

Associated Case Party: SNA TRUCKING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Daniel Karp | | dkarp@feesmith.com | 12/17/2021 10:24:26 AM | SENT |
| Sheila Daniel | | sdaniel@feesmith.com | 12/17/2021 10:24:26 AM | SENT |

**Exhibit "A"**

FILED
12/17/2021 10:17 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Jenifer Trujillo DEPUTY

CIT.14661

## CAUSE NO. DC-21-12138

| | | |
|---|---|---|
| **JERMAINE JACKSON,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **vs.** | § | **DALLAS COUNTY, TEXAS** |
| | § | |
| **ABRAHAM SOLOMON ARAYA,** | § | |
| | § | |
| *Defendants.* | § | **14TH JUDICIAL DISTRICT** |

## DEFENDANT SNA TRUCKING, LLC'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW **SNA TRUCKING, LLC**, a named Defendant in the above entitled and numbered cause, and files this its Original Answer, and for same would respectfully show unto the Court as follows:

### I.
### GENERAL DENIAL

1.     Defendant denies each and every, all and singular, the material allegations contained within Plaintiff's pleadings and demands strict proof thereof.

### II.
### JURY DEMAND

2.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.  Simultaneously with the filing of this Answer, the jury is paid.

### III.
### AFFIRMATIVE DEFENSES

3.     Defendant affirmatively pleads that the jury should consider the comparative fault or causative negligence of any other party, settling party, designated responsible third party and/or non-party, for their actions or inactions as they relate to the events made the basis of this lawsuit and Plaintiff's claims and alleged damages.

**DEFENDANT SNA TRUCKING, LLC'S ORIGINAL ANSWER**                                        **Page 1**

## Exhibit "A"

4.      Defendant specifically pleads the affirmative defense of contributory negligence and alleges that the damages sustained by Plaintiff, if any, were proximately caused in whole or in part by the conduct of Plaintiff or by any other party, settling party, designated responsible third party and/or non-party.  Defendant asserts that it is entitled to a reduction of damages awarded to the Plaintiff, if any, pursuant to the doctrines of contributory negligence and comparative responsibility set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

5.      Defendant affirmatively pleads that it is entitled to an offset and credit in the amount of any settlements obtained by Plaintiff for the claims in this matter from any other parties.

6.      Defendant would show that Plaintiff is limited to the recovery of medical expenses that are both reasonable and necessary, and further that such recovery is limited to those medical expenses actually "paid or incurred" pursuant to Texas Civil Practice & Remedies Code §41.0105.

7.      Defendant would show that Plaintiff is limited in any attempt for the recovery of lost earnings and/or earnings capacity pursuant to Texas Civil Practice & Remedies Code §18.091.

8.      Defendant asserts that any award to Plaintiff should not include pre-judgment interest because any delay in the trial of the case has not been caused by Defendant.  Accordingly, an award of pre-judgment interest would be unreasonable and improper given the circumstances of the case.

9.      Defendant contests that the subject accident resulted in all of the injuries and damages now alleged by the Plaintiff.  Defendant would show that Plaintiff's claims of physical and/or mental ailments in this cause were, in whole or in part, proximately caused by prior and/or subsequent accidents, events, or occurrences and not the motor vehicle accident that serves the basis of this lawsuit.

10.      Defendant contends that Plaintiff did not use ordinary care in reducing or avoiding his alleged damages, and thus failed to mitigate his damages, if any.

**Exhibit "A"**

**IV.**
**PUNITIVE AND STATUTORY DAMAGES AND FINES**

11.     Defendant affirmatively pleads that, under the provisions of the Texas Civil Practice and Remedies Code, Plaintiff is barred from recovering punitive damages from this Defendant.  In the alternative, Defendant pleads the applicable statutes place a limitation or "cap" on the punitive damages or statutory damages which Plaintiff seeks.  Furthermore, in response to all claims to punitive or statutory damages, Defendant affirmatively pleads the right to due process and the prohibition against excessive fines and penalties under both the United States and Texas Constitutions.

**V.**
**OBJECTION TO PLAINTIFF'S RULE 193.7 NOTICE**

11.     Defendant objects to Plaintiff's Rule 193.7 Notice contained in Plaintiff's Original Petition as premature and improper.  Tex. R. Civ. P. 193.7 provides a producing party ten (10) days from the date actual notice that a document will be used to object to the authenticity of a document.  Defendant has been provided with no actual notice of Plaintiff's intent to use any particular document, and thus has no ability to object to such document's authenticity.  As discovery is just beginning in this matter, Defendant cannot conceive the scope and or breadth of the documents which may be produced in this litigation, and therefore does not waive its right to raise a good faith objection to the authenticity of a document or portion of a document which may nonetheless be responsive to Plaintiff's written discovery requests.  Additionally, Defendant's notice period to object to Plaintiff's general notice expired *before* the date its responsive pleading to the Original Petition is due.

**VI.**
**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Defendant SNA TRUCKING, LLC prays that the Plaintiff take nothing by this suit, that Defendant go hence with its costs without delay,

Exhibit "A"

and for such other and further relief, both general and special, at law and in equity, to which Defendant may show itsself justly entitled.

Respectfully submitted,

FEE, SMITH, SHARP & VITULLO, L.L.P

_____

**DANIEL M. KARP**
State Bar No. 24012937
dkarp@feesmith.com
Three Galleria Tower
13155 Noel Road, Suite 1000
Dallas, Texas 75240
972-980-3293
972-934-9200 [Fax]

**ATTORNEYS FOR DEFENDANT
SNA TRUCKING, LLC**

## CERTIFICATE OF SERVICE

THIS WILL CERTIFY that a true and correct copy of the foregoing instrument has been electronically served upon all attorneys of record in this cause of action on the 17th day of December 2021.


**Via ECF:**
**Michael Streich**
**Charles M. Stam**
Zehl & Associates, PC
2700 Post Oak Blvd., Ste. 1000
Houston, TX  77056
713-491-6064
713-583-8545 - fax
mstreich@zehllaw.com
cstam@zehllaw.com
*Attorneys for Plaintiff*

_____

**DANIEL M. KARP**

**Exhibit "A"**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Sandra Hinton on behalf of Dan Karp
Bar No. 24012937
shinton@feesmith.com
Envelope ID: 60124647
Status as of 12/17/2021 1:14 PM CST

Associated Case Party: JERMAINE JACKSON

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Ryan H.Zehl | | eservice@zehllaw.com | 12/17/2021 10:17:02 AM | SENT |
| Michael E.Streich | | mstreich@zehllaw.com | 12/17/2021 10:17:02 AM | SENT |
| Lila Sheffer | | lsheffer@zehllaw.com | 12/17/2021 10:17:02 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| CHARLES STAM | | CSTAM@LIGHTFOOTLAW.COM | 12/17/2021 10:17:02 AM | SENT |

Associated Case Party: SNA TRUCKING, LLC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sheila Daniel | | sdaniel@feesmith.com | 12/17/2021 10:17:02 AM | SENT |
| Daniel Karp | | dkarp@feesmith.com | 12/17/2021 10:17:02 AM | SENT |

**Exhibit "A"**

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-21-12138

JERMAINE JACKSON

vs.

ABRAHAM SOLOMON ARAYA, et al

14th District Court

## **ENTER DEMAND FOR JURY**

JURY FEE PAID BY: SNA TRUCKING, LLC

FEE PAID: $40.00

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

**Exhibit "A"**