IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JERMAINE JACKSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 3:22-CV-2 |
| v. | § | JURY DEMAND |
| | § | |
| ABRAHAM SOLOMON ARAYA and | § | |
| SNA TRUCKING, LLC | § | |
| | § | |
| *Defendants*. | § | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff Jermaine Jackson files this Second Amended Complaint complaining of the acts or omissions of Defendants, Abraham Solomon Araya and SNA Trucking, LLC, and respectfully shows the Court as follows:

**I.
PARTIES & SERVICE**

1. Plaintiff Jermaine Jackson is an individual residing in Texas. He may be contacted through his counsel of record, ZEHL & ASSOCIATES, P.C.

2. Defendant Abraham Solomon Araya is an individual and resident of North Carolina. He has appeared and answered and may be served through his counsel of record.

3. Defendant SNA Trucking, LLC ("SNA") is a foreign limited liability company doing business in the State of Texas with its principal office and place of business located at 4381 Central Avenue, Apartment E, Charlotte, North Carolina 28205. SNA has appeared and answered and may be served through its counsel of record.

4. Mr. Araya and SNA may be collectively referred to herein as "Defendants".

**Exhibit A**

## II.
## MISNOMER/ALTER EGO

5.     If any parties are misnamed or not included here, Plaintiff contends that such an omission is a "misidentification," "misnomer," or an "alter ego" of the parties named here.

## III.
## JURISDICTION & VENUE

6.     Jurisdiction and venue are proper in this Court.

7.     Defendants do business in Texas and this lawsuit arises from a tort Defendants committed in Texas. As such, this court has personal jurisdiction over the parties because all or a substantial part of the events giving rise to this dispute occurred within Texas. Moreover, this Court has personal jurisdiction over Defendants because these defendants do business in Texas, and this lawsuit arises out of a tort Defendants committed here.

8.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C § 1332(a)(1) because there is diversity of citizenship among the parties, in that Defendants were diverse in citizenship from Plaintiff now and at the time this action was commenced. Furthermore, the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

9.     Venue in this Court is proper under 28 U.S.C. §1391(b)(2) because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this judicial district.

## IV.
## FACTS

10.    On or about August 19, 2021, at around 12:35 p.m., Plaintiff was driving a 2016 Dodge Charger at the 33900 block of Interstate Highway 20 in Dallas County, Texas. Meanwhile, Mr. Araya was driving a 2013 Freightliner tractor trailer one lane to the left of Plaintiff. Upon information and belief, Mr. Araya's 2013 Freightliner and/or the trailer he utilized was owned or otherwise controlled by SNA.

11.    Mr. Araya then attempted an illegal turn and/or lane change. Rather than turning from the right lane, he turned right from the left lane:

Exhibit A



During his improper turn, Mr. Araya struck Plaintiff's vehicle and caused its airbag to deploy. The impact from the collision forced Plaintiff's vehicle off the road and caused extensive damage:



A photograph depicting Plaintiff's Charger after the wreck.

12. At all relevant times, Plaintiff was operating his vehicle in a reasonable and prudent manner, exercising care for his safety and the safety of others.

Exhibit A

13. Mr. Araya was operating this large commercial unit in the course and scope of his employment or statutory employment with SNA, within his duties for SNA, or both.

14. Mr. Araya—in attempting an unsafe lane change and/or turn with a semi-trailer on a 60 MPH road—created a dangerous hazard that seriously injured Plaintiff, which is why investigating officer J. Juarez of the Dallas County Sheriff's Department faulted Mr. Araya for causing the wreck, observing that Mr. Araya attempted "an unsafe lane change." Mr. Araya failed to properly operate the vehicle he was driving and proximately caused the collision with Plaintiff.

15. As a result of Defendants' negligence, Plaintiff suffered severe injuries to his arms, head, neck, back, mind, and other parts of his body. Due to his serious injuries, Plaintiff received medical treatment and, likely, will continue to need medical treatment in the future. Plaintiff also sustained, and will in all likelihood continue to sustain in the future, severe pain, suffering, anguish, impairment, disfigurement, and loss of earnings and earning capacity.

## V.
## NEGLIGENCE AND NEGLIGENCE *PER SE* OF MR. ARAYA

16. Plaintiff incorporates all other paragraphs by reference here fully.

17. Mr. Araya was a professional truck driver and operating a commercial motor vehicle for profit. As such, he had a duty to exercise the degree of care that a reasonably careful and prudent person would use to avoid harm to others under circumstances like those described herein. At all relevant times, Mr. Araya was operating the subject vehicle while acting in the course and scope of his employment and/or statutory employment with SNA. Plaintiff was injured because of Defendants' breach of these duties and such injuries were reasonably foreseeable based on Defendants' conduct.

18. The statutory violations and negligent acts and omissions of Mr. Araya were a direct and proximate cause of this crash and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*. Mr. Araya's violations of these rules

Exhibit A

and statutes created the very risk of injury to Plaintiff, and others, that state and federal standards were designed to protect against.

19. Mr. Araya's negligent, reckless, and careless disregard of these duties consisted of, but is not limited to, these acts and omissions:

a. failing to maintain a safe speed given the circumstances;

b. driving distracted and driver inattention;

c. failing to keep proper lookout for Plaintiff's vehicle that a person of ordinary prudence would have maintained under the same or similar circumstances;

d. failing to drive in a single lane;

e. failing to maintain control of his vehicle;

f. failing to properly manage space around his vehicle;

g. change lanes and/or turning when unsafe;

h. failing to apply the brakes to his motor vehicle in a timely and prudent manner or wholly failing to apply his brakes in order to avoid the collision;

i. failing to make a prudent evasive maneuver to avoid a motor vehicle collision;

j. violating the Texas Transportation Code, including the following:

　　i. making an improper, erratic, and unsafe lane change in violation of § 545.060 (Driving in a Roadway Laned for Traffic);

　　ii. make an unsafe turn in violation of § 545.103 (Safely Turning)

　　iii. failing to properly signal a turn in violation of § 545.104 (Signaling Turns; Use of Turn Signals);

　　iv. failing to control speed in violation of § 545.351 (Maximum Speed Requirements);

k. violating the Federal Motor Carrier Safety Regulations;

l. failing to use care that would have been exercised by a person of ordinary prudence under the same or similar circumstances; and

Exhibit A

    m. such other acts considered negligent, as discovery of this case will reveal and that may be proven at trial.

20. It was reasonably foreseeable Mr. Araya's failures identified herein would cause severe injury to other motorists, including Plaintiff. In fact, Mr. Araya's negligent, careless, and reckless disregard of these duties proximately caused Plaintiff's injuries.

## VI.
## NEGLIGENCE AND NEGLIGENCE *PER SE* OF SNA

21. Plaintiff incorporates all other paragraphs by reference here fully.

22. SNA was and is a company operating commercial motor vehicles for profit. As such, it had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances described herein. SNA also owed Plaintiff, and others, a duty to use ordinary care in hiring, training, supervising, retaining, and monitoring Mr. Araya and entrusting a vehicle to him. SNA knew or should have known that Mr. Araya was unfit, incompetent, and/or reckless and that his employment created an unreasonable risk of harm to Plaintiff and others. Plaintiff was injured because of Defendants' breach of these duties and such injuries were reasonably foreseeable based on Defendants' conduct.

23. The statutory violations and negligent acts and omissions of SNA discussed herein were a direct and proximate cause of this crash and the resulting injuries and damages sustained by Plaintiff. Any statutory violations constitute negligence *per se*. SNA's violations of these rules and statutes created the very risk of injury to Plaintiff, and others, that state and federal standards were designed to protect against.

### A. *Negligent Entrustment and Negligent Hiring*

24. SNA owned the commercial motor vehicle and/or trailer operated by Mr. Araya at the time of the crash. Mr. Araya, at the time of the crash and at all relevant times prior, was an unlicensed, incompetent, unfit, unqualified, and/or reckless driver.

25. SNA entrusted the commercial motor vehicle and/or trailer to Mr. Araya when it knew or, through the exercise of reasonable care, should have known that Mr. Araya was an

Exhibit A

unlicensed, incompetent, unfit, unqualified, and/or reckless driver. Likewise, SNA hired Mr. Araya when it knew or, through the exercise of reasonable care, should have known that Mr. Araya was an unlicensed, incompetent, unfit, unqualified, and/or reckless driver.

26. As discussed herein, Mr. Araya was negligent in causing the crash, and Mr. Araya's negligence was the proximate cause of Plaintiff's injuries and damages. Therefore, SNA is liable for negligent entrustment and negligent hiring.

### B. *Negligent Training, Negligent Supervision, Negligent Retention, and Negligence*

27. SNA was negligent for failing to adequately train certain of its employees and/or drivers, including Mr. Araya. SNA owed a duty to ensure that all its employees and/or drivers, including Mr. Araya, were competent in their job duties. Because SNA failed to train, or failed to provide adequate training, to certain of its employees and/or drivers, including Mr. Araya, SNA breached in its duty to adequately train its employees. This failure proximately caused injury and damages to Plaintiff.

28. SNA was also negligent for failing to adequately supervise certain of its employees and/or drivers, including Mr. Araya, up to the time of the crash. Proper supervision by SNA would have revealed that certain of its employees and/or drivers, including Mr. Araya, were unlicensed, incompetent, unfit, unqualified, and/or reckless. As such, it was reasonably foreseeable that SNA's failure to train or supervise certain of its employees and/or drivers, including Mr. Araya, would cause severe injury to other motorists, including Plaintiff. Accordingly, SNA's negligent lack of training and/or supervision of its employees and/or drivers, including Mr. Araya, was a proximate cause of Plaintiff's injuries and damages.

29. SNA was negligent in retaining certain of its employees and/or drivers, including Mr. Araya, as employees and allowing them to continue performing their job duties, including driving a commercial motor vehicle, prior to and at the time of the crash. These negligent acts or omissions were a proximate cause of Plaintiff's injuries and damages, rendering SNA directly liable.

Exhibit A

30. SNA's negligent, reckless, and careless disregard of these duties include, but are not limited to, these acts and omissions:

   a. Failing to create, provide, and/or enforce adequate policies and procedures regarding driver hiring, driver training, driver safety, commercial motor vehicle operation, motor carrier safety, and/or motoring public safety;

   b. Failing to follow and/or adhere to policies and procedures regarding driver hiring, driver training, driver safety, commercial motor vehicle operation, motor carrier safety, and/or motoring public safety;

   c. failing to do what a reasonably prudent employer and/or commercial motor vehicle operator would do under the same and similar circumstances;

   d. Violating the Texas Transportation Code;

   e. Violating the Federal Motor Carrier Safety Regulations; and

   f. such other acts considered negligent, as discovery of this case will reveal and that may be proven at trial.

31. It was reasonably foreseeable SNA's failures identified herein would cause severe injury to other motorists, including Plaintiff. In fact, SNA's negligent, careless, and reckless disregard of these duties proximately caused Plaintiff's injuries.

## VII.
## RESPONDEAT SUPERIOR

32. Plaintiff incorporates all other paragraphs by reference here fully.

33. Whenever Plaintiff alleges that SNA did or failed to do an act or omission, Plaintiff means that SNA, acting individually, or by and through agents, officers, directors, servants, and employees, either did or failed to do that act or omission. This applies to acts or omissions by Mr. Araya, in the course and scope of his employment, agency, or contract to advance SNA's business.

34. At the time of the crash and immediately prior thereto, Mr. Araya was:

   a. acting within the course and scope of employment for SNA;

   b. engaged in the furtherance of the business of SNA;

   c. engaged in accomplishing a task for which he was retained by SNA; and/or

**Exhibit A**

    d.   acting within his duties for SNA.

35.    Additionally, or alternatively, at the time of the crash and immediately prior thereto, Mr. Araya was a statutory employee of SNA under 49 C.F.R. §§ 376.11–.12, 390.5 *et seq.*, 37 TEX. ADMIN. CODE § 4.11 *et seq.*, and other applicable law.

36.    Therefore, under the doctrine of respondeat superior, SNA is vicariously liable for the conduct of its agents, officers, directors, servants, and employees, including Mr. Araya, as further outlined herein.

## VIII.
## GROSS NEGLIGENCE

37.    Plaintiff incorporates all the above paragraphs by reference here fully.

38.    The acts and omissions of Defendants discussed herein, when viewed from the standpoint of Defendants at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendants had actual, subjective awareness of the risks of their conduct, but still proceeded with conscious indifference to the rights, safety, and welfare of Plaintiff and others.

39.    Moreover, SNA is grossly negligent for recklessly hiring, training, supervising, retaining, and monitoring Mr. Araya, and entrusting a commercial motor vehicle to Mr. Araya, who was unfit, incompetent, and/or reckless. SNA is grossly negligent as a result of recklessly entrusting a commercial motor vehicle to Mr. Araya, who was unfit, incompetent, and/or reckless. SNA's reckless failure to properly train, failure to supervise, reckless retention, and reckless entrustment of a commercial motor vehicle to Mr. Raya, proximately caused Plaintiff's injuries and damages, which injuries and damages were reasonably foreseeable from such conduct and, as a result, should be subjected to exemplary damages.

40.    SNA was grossly negligent when it (1) committed gross negligence itself, (2) authorized or ratified an agent's gross negligence, (3) was grossly negligent in hiring an unfit agent, and/or (4) committed gross negligence through the actions or inactions of a vice-principal.

Exhibit A

Defendants' gross negligence, both individually, and acting by and through their employees, agents, drivers, officers, managers, and representatives in the course of employment, proximately caused Plaintiff's injuries and damages. As such, Defendants are grossly negligent and should be subjected to exemplary damages.

## IX.
## DAMAGES

41. Plaintiff incorporates all other paragraphs by reference here fully.

42. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered severe injuries and incurred these damages:

   a. Reasonable medical care and expenses in the past. Plaintiff incurred these expenses for the necessary care and treatment of his injuries resulting from the incident complained of here and such charges are reasonable and were usual and customary charges for such services;

   b. Reasonable and necessary medical care and expenses which, in all reasonable probability, Plaintiff will incur;

   c. Physical pain and suffering in the past and future;

   d. Disability and physical impairment in the past, which, in all reasonable probability, Plaintiff will continue to suffer from in the future;

   e. Mental anguish in the past and future;

   f. Disfigurement in the past and future;

   g. Cost of medical monitoring and prevention in the future;

   h. Lost wages in the past;

   i. Loss of future earning capacity which Plaintiff will probably suffer;

   j. Exemplary damages;

   k. Pre- and post-judgment interest;

   l. Court costs; and

   m. All other damages to which Plaintiff shows entitlement in law or equity through the course of this proceeding.

## X.
## JURY TRIAL

**Exhibit A**

43.     Plaintiff requests a trial by jury on all claims and has paid or will pay the jury fee.

## XI.
## CONCLUSION & PRAYER

44.     For these reasons, Plaintiff Jermaine Jackson requests that Defendants, Abraham Solomon Araya and SNA Trucking, LLC, be cited to appear and answer and that, upon a final hearing of the cause, the Court enter judgment for Plaintiff against Defendants for all damages, together with the maximum allowable legal interest thereon from the date of the incident until paid, and for all costs of this proceeding. Plaintiff also requests all such other and further relief which the Court determines Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Michael Streich*
Michael Streich
Texas State Bar No. 24079408
mstreich@zehllaw.com
Charles M. Stam
Texas State Bar No. 24106462
cstam@zehllaw.com
ZEHL & ASSOCIATES, PC
2700 Post Oak Blvd., Suite 1000
Houston, Texas 77056
Telephone 713.491.6064
Facsimile 713.583.8545
**e-service@zehllaw.com**


*/s/ Andy Jones*
Andy Jones
Texas State Bar No. 24077910
ajones@sawickilawfirm.com
SAWICKI LAW
6116 N Central Expy Ste 1400
Dallas, TX 75206-5102
Telephone 214.468-8844
Facsimile 214.468.8845

**ATTORNEYS FOR PLAINTIFF**

**Exhibit A**

## <u>CERTIFICATE OF SERVICE</u>

  A true and correct copy of the foregoing document has been served on all counsel of record on April 14, 2022 via CM/ECF.

<u>/s/ Michael E. Streich</u>
Of Zehl & Associates, PC

<span style="color:red">**Exhibit A**</span>